UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Legacy Building Solutions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Accu Steel, Inc., <br><br> Defendant. | Court File No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Legacy Building Solutions, Inc. ("Legacy") against Defendant Accu Steel, Inc. ("Accu Steel") alleges as follows:

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PARTIES

1. Legacy is a Minnesota corporation with a principal place of business at 19500 Co Rd 142, South Haven, MN 55382.

2. Upon information and belief, Defendant Accu Steel is a Texas LLC with a principal place of business at 2245 110th Street, Audubon IA 50025.

## JURISDICTION AND VENUE

3.    This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § *1, et seq.,* including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

4.    On information and belief, this Court has personal jurisdiction over Accu Steel because it regularly conducts business in the State of Minnesota and therefore has substantial and continuous contacts within this judicial district; because Accu Steel purposefully avails itself of the privileges of conducting business in this judicial district; and/or because Accu Steel has committed acts giving rise to Legacy's claims within this judicial district.

5.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, on information and belief, Accu Steel has committed acts giving rise to Legacy's claims in this district.

## FACTUAL BACKGROUND

6.    Benjamin Fox is the CEO and President of Legacy, a Minnesota-based company that manufactures, designs, sells and installs fabric buildings on a rigid steel frame.

7.    Mr. Fox is the named inventor on United States Patent Number 9,334,653 (the "'653 Patent"), which issued on May 26, 2016, and is attached

hereto as Exhibit 1.

8. The '653 Patent is entitled Keder Rail Attachment for a Fabric/Panel Building, and describes a method for tensioning keder fabric upon structural beams that Legacy uses in conjunction with its building solutions.

9. Legacy is the assignee of the '653 Patent and owns all right, title, and interest in the '653 Patent, including exclusive rights to bring suit with respect to any past, present and future infringement thereof.

10. Accu Steel makes, uses, sells or offers to sell building solutions that compete with Legacy.

11. Upon information and belief, when Accu Steel's building solutions are installed, one or more claims of the '653 Patent are infringed.

12. For example, among other things, Accu Steel provided drawings to Legacy that show Accu Steel's keder rail installation details, which indicate that one or more claims of the '653 Patent are infringed. Additionally, Legacy employees have inspected at least one Accu Steel building in Pipestone, MN and observed that the purlins on the building are fixed. As such, it is likely that Accu Steel is tensioning the keder fabric according to Legacy's patented method. Below are pictures of an exemplary Accu Steel product:







13. Additionally, Legacy has talked with an installer of an Accu Steel building solution. The installer described the tensioning process used in Accu Steel's solution, which infringes one or more claims of the '653 Patent.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 9,334,653

14. Legacy incorporates by reference each and every preceding paragraph of this Complaint and realleges them as though fully set forth herein.

15. On May 26, 2016, the United States Patent and Trademark Office

("PTO") issued the '653 Patent, entitled Keder Rail Attachment for a Fabric/Panel Building. A copy of the '653 Patent is attached as Exhibit 1 to this Complaint.

16.     Legacy is the owner by assignment of all rights, title and interest in and to the '653 Patent.

17.     Accu Steel performs each and every step of at least one claim of the the '653 Patent. Thus, Accu Steel directly infringes the '653 Patent in violation of 35 U.S.C. § 271(a).

18.     Alternatively, Accu Steel exercises direction and control over third parties to perform the steps of at least one claim of the '653 Patent related to the installation of the keder rail attachments for buildings. Thus, Accu Steel indirectly infringes the '653 Patent in violation of 35 U.S.C. § 271(b).

19.     Accu Steel also sells, offers to sell, or imports material components component for use in practicing the '653 Patent that is not a staple article of commerce suitable for substantial non-infringing use, including its combination of keder rails, keder fabric, and structural beams. Accu Steel has knowledge that these components were especially made or adapted for use in an infringing manner. Thus, Accu Steel contributorily infringes the '653 Patent in violation of 35 U.S.C. § 271(c).

20.     As a consequence of Accu Steel's infringement, Legacy is entitled to

recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

21. Accu Steel's infringement has injured and will continue to injure Legacy, unless and until such infringement is enjoined by this Court.

22. Upon information and belief, Accu Steel has had knowledge of its infringement of the '653 Patent since before the filing of this lawsuit, yet Accu Steel continues to infringe the '653 Patent. Accu Steels' infringement of the '653 Patent is willful, entitling Legacy to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in the prosecution of this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Legacy respectfully requests that the Court enter judgment as follows:

A. adjudging that the '653 Patent is enforceable and not invalid;

B. adjudging that Accu Steel infringes the '653 Patent;

C. enjoining Accu Steel and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them, from further infringement of the '653 Patent;

D. awarding compensatory damages to Legacy, together with interest;

E.	ordering a post-trial accounting of damages for the period of infringement of the '653 Patent following the period of damages established by Legacy at trial in accordance with 28 U. S.C. § 1292(c)(2);

F.	awarding Legacy such other and further relief as it deems just and proper.


Dated:  July 28, 2016                    **GRAY, PLANT, MOOTY,**
                                         **MOOTY & BENNETT, P.A.**


                                         s/*Loren L. Hansen*
                                         Loren L. Hansen (MN #387812)
                                         Erin Westbrook (MN #393072)
                                         500 IDS Center
                                         80 South Eighth Street
                                         Minneapolis, Minnesota 55402
                                         (612) 632-3000 Telephone
                                         (612) 632-4016 Facsimile
                                         loren.hansen@gpmlaw.com
                                         erin.westbrook@gpmlaw.com